Please all rise. Hear ye, hear ye. This Honorable Appellate Court for the 2nd Judicial District is now back in session. The Honorable Christopher M. Kennedy. Good afternoon, everyone. Please be seated. Thank you, sir. The final case on the block for the afternoon is 2-25-0230. The Honorable Appellate Court for the 2nd Judicial District is now back in session. All right, so Mr. DeVore, you may proceed when ready. Please feel free to adjust the microphone as needed. Thank you. If it pleases the Court, my esteemed colleagues, justices, the matter that come in front of the Court today, I want to make this point at the beginning. This is not a removal action of the Senator. We're not asking this Court to remove anyone from office. What we're asking this Court to do is to consider under the Constitution and under the statute whether the appointment that was made of Ms. Darby Hills was lawful. Did the appointment process of the Legislative Committee, did it in fact follow the Constitutional provision and the statutory provision? If you find that it violated either of those, it has nothing to do with removal of a sitting Senator because Ms. Hills would have never been there in the first place. She can only be removed by the Senate. Correct. She can only be removed by the Senate if she was elected or if she was appointed properly, etc. But if you look at the Clark's case, which we have cited, it talks about this, and if in fact the appointment, because it says this appointment is not necessarily political because this Legislative Committee sits in a quasi-public position when it engages in this action, that if in fact the Court finds that the appointment didn't follow the Constitutional provision, which I'll talk about, and or the statute, then the appointment is a nullity. So there would be no removal of a sitting Senator because there would be no appointment that had occurred. The question, I believe both of us have played this out pretty well, there's a couple of nuances that I wanted to point out. One is that the outgoing Senator McConkie resigned effective February 2nd. That was the date that he said, this position is going to be vacated, I'm resigning. So the statute says that under 10 ILCS 5-25-2 is that when that resignation happens, a vacancy occurs. That is the vacancy that the Legislative Committee, as a creature of statute, is being asked to fill. I believe that vacancy date is important because the Constitution, the provision of the Constitution, Article 4, Section 2D, says that an appointee that's filling a vacancy shall be a member of the same political party. And an appointee, when does an appointee become appointed? I believe the appointee becomes appointed when the action is taken by the Legislative Committee. And that's when he or she has to be a Republican. I would disagree with that. I think that's the question for the court. If you don't have any direct authority, you announce it in your brief. No, there is no authority on either proposition. You argue in your brief that if the requirement from being from the same political party is to have any real meaning, then the qualifications of a prospective candidate need be measured on the date of the vacancy. Correct. The plain language of the Act is contrary to that. I would respectfully disagree. So you are saying that an appointee has to be somebody who's seeking an appointment, has to be qualified at that point in time? I'm saying that's the question that you're being asked to answer, sir, because the statute does not address this question. The plain language of the statute talks about appointment. You cite candidacy cases. For example, you cite Sinkis. How does Sinkis help you? It's persuasive if they were going to be, sir. And that talks about those cases, Sinkis and the others, deal with the fact that the appointment or the nomination papers being submitted is those qualifications had to exist on that date and not on the date that they were actually going to take office. Again, they're persuasive. They're not binding. You go to the statute itself, and the statute talks about, the section that my colleagues will talk about, for purposes of being a member of a party, you have these different things that can be looked at to see if they're a member of the party. That's all that it says. It says you can look at these, and if they have triggered one of those events, then by statute they're deemed a member of the party for up to 23 months. That's what the statute says. The statute does not address in any fashion the question that's being presented to this Court, which you have to determine whether or not they are qualified. And when do you make that determination? The statute is silent to that, which is what you're being asked to call upon. When this determination is being made of whether or not a particular potential appointee, are they qualified, when do you make that determination? Is that determination the date of the appointment or five months before, which in this case would have been February 28th, or is it the date the vacancy occurs? The statute will not give you an answer on either one of those. And what we are proposing to the Court, that if you determine that it's anything other than the date of vacancy, that it creates an opportunity for what we're dealing with here, which is on February 2nd, when the vacancy occurred, outgoing Senator McConkie was a Republican. On February 2nd, when the vacancy occurred, Ms. Hills was not a Republican. The record shows she was nothing, an independent at best. And so if this Court would say, well, the statute, let me back up, well, the statute does say if one of these things happens, you're good for 23 months. You have to determine what that means. What I'm proposing to you that that means is that on the date the vacancy occurs, a legislative committee can look at potential appointees and see if they fit this description. And if they fit this description, then they are qualified. Otherwise, you have a situation to where on February 2nd, people submit their applications, Ms. Hills is not qualified. And then 16 days later, on the 18th of February, after and contemporaneously with the original trial petition being filed, then Mr. Brand, Keith Brand, who held two positions. He was the chairman of the legislative committee holding a majority weighted vote, and he's also the chairman of the Lake County Republican Central Committee. On the 18th, 16 days after the vacancy occurred, Mr. Brand then appointed Ms. Hills to be a precinct committee person in a township in Lake County. Then we know what the record shows. It's a short record. Correct. So do you concede that Hills met the statutory criteria under 25-6C pre-election code? It's clear from the plain language of the statute that she does on becoming a candidate for election or to accepting the appointment to that office of ward, township, precinct, or state central committee person. I understand what you're saying, sir. And you understand that we cannot legislate. We can't read into a statute of qualification that was not intended to be placed in there by the General Assembly. You can if you actually have cited the authority. If the interpretation that you believe is plain on its face violates a constitutional provision, then you're not supposed to follow the plain reading of what you believe. And how does it violate the constitutional provision? Because the Constitution says upon a vacancy occurring, you have to appoint someone of the same political party. Right. And according to what you acknowledge in the trial court, comply with that language. No, sir. What I acknowledge in the trial court is that 16 days after the vacancy occurred, they created a fiction and conditioned her to meet the statutory requirement, again, over two weeks after the fact. That's what I acknowledge by the trial court. But what you did, in your brief, you say that they orchestrated a ruse after initially appointing Senator Hills on February 14th in order to, quote, unquote, condition her so that she could be appointed. But as the trial court noted, it was you, the plaintiff, who requested the trial court to enter an agreed order to open the application process, and ultimately your client did not apply. My client doesn't have to apply, sir. I'm not saying that. But you say that they exercised or orchestrated this ruse. It was you who put forward the recommendation. I did. That was open. I put forward them. I filed a two-count complaint right off the bat. It was, one, that they failed to provide proper notice under the statute, and, two, that they violated the statute and the Constitution for appointing someone not qualified. It was a two-count complaint. Then there was an agreed order that remedied the first part of the count. That's absolutely true. But then after that remedy of notice was satisfied, we amended the complaint leaving the core issue in front of the court of whether or not she was qualified under the Constitution and the statute. Can you point to any statutory language in the election code that would require Senator Hills to have been qualified as a Republican at any specific time or for what duration? No. Nor can I point to any authority in the statute or in case law that says that a legislative committee is authorized after knowledge of the vacancy of making someone a Republican that was not a Republican when the vacancy occurred. That authority does not exist either. A Democrat or making someone a Democrat who is not a Democrat. Would the law be the same? Repeat that, sir? Would the law be the same if we were talking about Democrats versus Republicans? Yes. I think the law is universal. And actually I have a provision that they discussed. I think it's something that's worth for you to consider. They argued it in their brief. They argued it in their brief because I made the point in the trial court, I make it to you, that if what they did was deemed lawful, when the vacancy occurred someone could have been established as a Democrat under this statutory provision. They could have changed that person to be a Republican under this provision, and then they could have appointed a Democrat. Who determines whether someone is a Republican or a Democrat? The statutory provision under Section C. No. I don't know that there are robots or avatars that can do things that humans can do. And when I asked you who does it, I'm talking about what person or persons make the determination, come up with the accreditation or the certification of who someone is or isn't. It's a human being, isn't it? The legislative committee follows the statute. Okay. The legislative committee is made up of human beings. Correct. Okay. If the human beings determine that anybody, they can be a Democrat, Republican, they can be an atheist, whatever. It doesn't make any difference. There has to be a certification or an adjudication at some point. And normally time doesn't run backwards, so it has to be sometime in the future. And so, therefore, the Republicans, if they're going to certify a Republican replacement, or the Democrats, if they're going to certify a Democrat replacement, must act in a timeline that supposedly doesn't work backwards. It doesn't work backwards, but you still, this court has to determine what date is that determination going to be made. Isn't that within the purview of the legislature to make that determination? I think the legislature has not made that determination. And I think even if they did, it would have to comply with the statutory requirement or the constitutional requirement. What standard of review or what is the criteria on which we are to make this determination as to whether or not it's supposed to be done at the time the vacancy arises or at the time the vacancy is filled? I think that's the question that you're being asked, and there's no authority on that. I'm asking you for guidance. I am. And the guidance is, do we use legislative intent? Do we use something from the Bible? No, constitutional intent. Okay, what does the Constitution say then? The Constitution says that when the vacancy occurs, this is Article IV, Section 2D, when the vacancy occurs, they shall appoint someone from the same political party. That's what it says. It doesn't sound to me like there's any parameter or definition of what the time frame is. There's not in the Constitution, which is what you're being called upon to ask. Okay, so this is a case of first impression. Absolutely. We're supposed to interpret what we believe the legislature would have passed or ratified if it's in the Constitution, in order to determine whether or not this person does or doesn't remain a Republican. Well, whether or not... So you didn't say Republican, because they can be Republican regardless. The question is whether or not they can hold a Republican office. You're correct, sir. One of the things I would point out, and I'd like to refer this to you, I think it helps. I made the argument that if the statute is going to be construed by you, consistent with the Constitution, that when the vacancy occurred, they have 30 days to make the appointment. And if during that 30-day period, from the vacancy to the appointment, they can engage in any of these actions to deem someone of the same political party. They can do what? I'm sorry, you said... Did you say evade? They do the legislative committee. That they can do something to evade what? Evade the requirement that the person be of the same political party... Did they happen in this case? The same person was, yes. On the legislative committee was also the chairman of the Republican County Central Committee for Lake County. How is that an evasion? Because she was not of the same political party when the vacancy occurred. She was not. She hadn't voted in a Democratic primary either, right? She hadn't done anything. Right, so she was... Independent. Yeah. Let me ask you this again. You say in your brief, page 14, to the extent that the 26th Legislative District had complied with the statute, the statute is unconstitutional. Did you make that argument in the trial court? Yes. I argued it. It's actually on... Is it in your pleadings? Well, we filed cross motions for summary judgment, and when they filed their motion, they said they had complied with the statute. So I argued for three pages, from page 26 to page 28, that to the extent the trial court said that this was complying with the statute, that the statute would be deemed unconstitutional. I made that argument and preserved it. I actually said I want to preserve that argument for appeal to the appellate court. Do you want to address the arguments by the appellees that we don't have jurisdiction? Certainly. Okay. Yeah, I mean, briefly, again, the reason I didn't file a reply on those is because that was not... The trial court specifically didn't rule on any of those issues. All of the arguments that one of my colleagues will make about jurisdiction, political question, et cetera, were not ruled upon by the trial court at all. I actually argued them on my cross motion, and, again, the court didn't rule upon those. To the extent your honors want to look at those issues, the Clark case that we've cited and the Rodriguez case that we've cited from the United States Supreme Court defeat all of those issues. But, again, those issues here were not brought up on appeal. The only issue on appeal is did the legislative committee comply with the statute. Thank you, sir. Thank you, Jim. I think, counsel, you will have time on rebuttal. Mr. Fogarty, you may present when ready. Please feel free to adjust the microphone. Okay. And you will have ten minutes, and then Ms. Rose will have five.  May it please the court, my name is John Fogarty. I'm arguing today on behalf of the Republican Legislative Committee for the 26th Senatorial District, Legislative District. And I appreciated the questions you posed to my opposing counsel. I appreciated as well the very well-written order that the trial court wrote and sent before you, not just because it's comported with our view of this case, but it lays it out incredibly clearly. It starts with the constitutional provision that we're arguing about here, that an appointee shall be a member of the same political party as the person he succeeds. It's very simple. It goes on and lays out the statutory framework. What are the criteria for determining who is Republican, who is not? Plaintiff cites Goodman, Sinkus, and Schuman to support the argument that Hills must have been qualified as Republican when she applied for the appointment. Can you distinguish those cases? Very easily, and thank you for asking. All of those cases are Article VII cases, and maybe there's an Article X in there, that deal with a situation where a candidate is trying to access the ballot via petition. That's not what we have at all here. And in some of those situations, there is a durational residency requirement. It makes perfect sense. So when you sign your statement of candidacy, certainly when you file your statement of candidacy, you are saying, you know, I'm qualified. What we have here does not deal with petitions. So there is no, and this gets to the temporal requirement you were asking about, there is nothing in Article XXV-6C, or Article XXV, that provides a temporal requirement for when someone must be judged to be a Republican or a Democrat or whomever is being appointed. They simply must be when they are appointed. So the Schuman case and the others cited are really apples and oranges, and an attempt to sort of graft onto Article XXV, this temporal requirement, which does not exist as we set forth in our brief. Would you agree that, I know you challenged jurisdiction, but this is a case that's not just a political question, it requires statutory interpretation. So we do have jurisdiction, do we not? So I would agree you have jurisdiction. Given the trial court's decision, we argued in the trial court that this plaintiff does not have standing. And the reason we did is because, you know, this appointment is made by, by statute, the legislative committee for this legislative district. There are five or six individuals on this committee. Those are the individuals who have power in any say-so whatsoever as to who to appoint, as to who is a Republican or not. And, you know, a member of the public, in our view, has as much right to substitute their opinion for the committee's as they would have a right to bring an action here to substitute their opinion on how one of their representative votes in Springfield. They just don't have the ability. With all due respect to the Cluck v. Lange case, that was our contention, that there is no standing here. But interesting to note, Cluck v. Lange does talk about the entry to the voting rights. That is correct. But there's no voting rights here? There's no voting rights here. And Cluck also, while in dicta, does point out that legislative committees, like my client, have a special competence in determining who is a member of a party. But as a member of the community, a citizen in that district, doesn't the plaintiff have a right to challenge the appointment? I contest that. We contest that. Our position is that this plaintiff is a resident of McHenry County. She is, in essence, represented on the legislative committee by the county chair of McHenry County. So I don't believe that she has standing here. Let me ask you this. Is there any person that could bring a claim? Would that person have to be a member of the legislative committee? Yes, I would say a member of the legislative committee. I would, I suppose that a candidate who was deprived of some right in the process, and there are more rights that have been, or statutory requirements, that have been built into the process over the last few election cycles, such as a public notification requirement. But I would say that a candidate could possibly have some standing to contest. But again, as noted, Ms. Colatardi was not a candidate. Brought us to court, first of all, to say she was deprived of the right, or notice, so that she could be a candidate. We bent over backwards and set up the meeting again, the public notice again, and lo and behold, she did not find it. She did not become a candidate. So with respect to, and that gets to the so-called ruse argument, or such an assertion. And I think the plaintiff is kind of mixing apples and oranges here. There is nothing that the legislative committee can do to appoint someone to be a precinct committee person. That is something that only a county chair can do. But he's a member of the committee as well. He is, but that makes no difference really. And with regard to whether or not this appointee is truly a Republican or not, we're here before you on the facts that have been alleged in the complaint that we have to, for the purpose of a motion to dismiss, take as true. We don't concede that she was not a Republican. We do concede that she was not a precinct committee person at the time this vacancy opened. That's the only concession we would make on it. But upon the appointment as a precinct committee person, that becomes an official imprimatur of that status. Yes, yes. And so essentially once that occurred, then she was eligible to be nominated for the Senate. We would argue she was eligible anyway once that imprimatur was placed upon her. It's unequivocal at that point. And it is uncontested that at the time she was sworn in, at the time all of her paperwork was submitted to and accepted by the Secretary of State, she fulfilled 25C on its plain language. Apparently there is no authority whatsoever as to the timing of the nomination by the legislative committee in regards to membership in the party, correct? That's correct. There's nothing out there. That's correct. All right. So then your side of it is that it is as of the nomination. Their side is as of the vacancy. That's correct. Is there any case law that goes your way on just drawing inferences or having some sort of persuasive authority? Nothing on that particular point. And I would submit because the point is so clear. I don't think that the point was really to make sure that someone was a Republican for any particular time or a member of a party for any particular time. Counsel concedes that the plain language doesn't. Counsel asks us to read into the statute of provision. It's not there. That's correct. Can you do that? You cannot do that, and I ask you not to do that. I doubt it. All right. Any further? All right. Thank you, Counsel. Thank you very much. Counsel Wilson, you will have five minutes. Good afternoon, Your Honors. May it please the Court. Mr. Fogarty well outlined the position of the committee and somewhat Senator Hill's Republican qualifications. I'm here just for a short time this afternoon as the attorney who successfully argued the Pullerton matter in this district and Housefeld in the Illinois Supreme Court and as Senator Hill's attorney. I'd just like to add a bit in regards to the interesting legal journey we've had in eliminating this 23-month rule. It all started with Cusper v. Ponticus. Would you agree that if we resolve this case on the statutory language, we do not have to consider the constitutionality of the 23-month rule? That's correct. We should not go there if we don't have to. If you don't have to. But I would like to make it clear recently we should not do that. I agree that if you can rule any other way, that's what you're supposed to do. However, from Cusper v. Ponticus, which eliminated the 23-month rule from voters, to Sperling, which eliminated the 23-month rule from candidates and allowed Jack Sperling to move from the Republican Party to the Democrat Party, to Mr. Cullerton, who attempted to run as a Democrat for state senator, within the same election cycle wherein he had just voted in the Republican primary, this district found that you cannot do that since he was a qualified primary voter of the Republican Party. So within the same election cycle, you couldn't move to the other party. Then that was 2008. Then in Hasfeld v. Illinois State Board of Elections in 2010, the Supreme Court further clarified party switching requirements and what it takes to be a Republican or a Democrat. In that case, I represented Senator Rauschenberger, who sought bailout access as a Republican to run for state senate after voting as a Democrat for his sister in the Elgin Township general election. The Supreme Court held that because that election cycle in Elgin Township was over, he was a free agent to move back into the Republican Party from which he came. Senator Hills is a free agent. She voted in 2012 as a Republican in the primary and then chose not to vote in the primary again. There's nothing legal to say that she's a Democrat or a Republican except for her appointment as Mr. Fogarty described. But in this day and age, and what these cases tell us, Your Honors, is that So when you say appointment, are you referring to, pardon me, the appointment of the office at issue here or her position as a precinct committeeman? precinct committeeman established pursuant to the statute that she is a Republican. But I take the position that whether they did that or not, she's a Republican because she said she's a Republican and because the people appointing her, all Republicans, said she's a Republican. She could have voted Democrat in 2014 or 2016 or 2018, and they still could have appointed her to take that spot because they're the appointing authority. Is there a statutory limitation relating to voting for nominees or candidates in a particular party and then being unable to vote in another election, primary or whatever, and taking a general ballot and being able to vote either way? The only restriction that now remains is you can't change parties within the same election cycle. And this court defined what an election cycle was in Cullerton, and that is from the primary to the general election. You can't change parties. You vote Republican, you're a Republican, and you can't fill a vacancy. So in addition, declaring yourself a member of a party includes signing a petition for a party candidate, filing nomination petitions within the same cycle, being appointed a precinct committee person. What other criteria would there be that qualify? To qualify? Her saying she's a Republican. There is nothing anymore. Based on First Amendment grounds. It's all First Amendment grounds, and the appointing authority said she's a Republican and appointed her as a Republican. So there need not even have been the appointment as precinct committeeman here? In my eyes, no. Okay, because the legislative committee had the authority. They have all the authority. And that's why I respectfully came today to ask you to consider finding 5-25-6C unconstitutional. It's the last piece of the 23-month rule that remains in the statutes. Is that justiciable? Pardon me? Is that justiciable? It is if you get to it. But as Justice Burkett said, you don't have to get to it. It may be left to the legislature, which they have done after these other cases that I recited. They changed. It took, in Section 7-43D, what a political party, you qualify for a political party. They took that out of the statute after those cases came down. And quite frankly, we ignored this because this situation never comes up. Usually when a Democrat or Republican committee appoint someone to fill a vacancy, that's it. Then they go to the House or the Senate, and then only the House or Senate can do it. If we were to disagree with you and agree with plaintiffs, what would be the impact of our decision? I think going forward, going forward, the impact of your decision would be that you would have to somehow declare yourself as a Republican or a Democrat and become a committeeman or sign a petition or sign a statement of candidacy and comply with what the statute says. And what impact would it be on your client on Senator Hills? None. Because she can only be removed by the Senate. Yes, sir. They test the qualifications of their members as do the House. Yes, sir. You didn't specify or clarify or delimit what you just said. So I'm going to ask you, what is the timeframe, what is the minimum amount of time one must declare in order to be validly declaring for a particular party? Is it 29 months? Is it three years? Is it one year? Is it six months? What is it? It's none. When you sign your statement of candidacy to become a candidate, that's what you are. Or when you sign a petition of a particular party, that's what you are for that election cycle. That's how you declare. So there really is no timeframe. Is that stancher? It is in stancher. That's correct. So when you sign that petition to nominate someone to run for a particular office as a Democrat, you're a Democrat. Well, you've certified that you belong to that party. Correct. That's how you certify.  Thank you, Your Honor. I appreciate it. Thank you, Counsel. Mr. DeMore, you are rebuttal. Briefing, gentlemen. Thank you. With all due respect to those arguments of the case law that was just talked about, we must make the record clear that all of that case law authority deals with elections and people running for office. The Rodriguez case from the United States Supreme Court says clearly when you're dealing with appointments, this is an appointment. And if this was an election, everything that my colleague just said would be true. But this is not an election. This is an appointment. And using the statutory provision about what it means to be from the same party is not vitiated by the law that was cited because this is not an election. There's really one thing, one last point I want to make if I could. And I think you have an understanding of the issue of if someone's going to be deemed from the same party for appointment purposes, when is that determination made? Is it momentarily prior to the appointment? Or is it at the time the vacancies occurred? Counsel. Yes. I'm confused because I was under the impression that a declaration had to take place before a vacancy was declared. And unless someone is prescient, the odds of making a declaration prior to the time that history and a timeline and factual circumstances change dramatically. Unless you're a seer, I don't know how you can make a rational determination of what it is that you wish to be. As far as whether they're from the same political party? What I'm suggesting to you is you're imposing with the limitation as of the time of the act which brings about the vacancy, you have to declare your party affiliation prior to that act taking place. That's not true. Well, then what are you saying? What I'm saying is that they have to have engaged in one of the actions in the statute so that people know that they are, in fact, affiliated with the Republican Party. That's what I'm saying. They're not declaring anything. Why or how are they? What's the practical effect of doing that if the act which causes this transaction or this timeline to commence hasn't happened yet? Well, that's the whole purpose, sir. When the vacancy occurs and the appointment is going to take place, if you read the Clark case, you will clearly see that the purpose of this statute is to make sure that the legislative balance of the General Assembly is maintained until the next election. So the legislator, again, crafted these rules of this is how we know if they're from the same party. All you're being asked to determine is when do they apply those rules. And if I understand your argument correctly, we not only have to apply the rules that relate to the statute, but we also have to apply the bylaws or the rules of the party to determine whether or not, why not? This is not a party issue, sir. It isn't? No, sir. I have the impression that a Republican vacated the office and a bunch of Republicans were appointed to appoint someone to fill the vacancy. Exactly correct, sir. If you read the Clark case from the Supreme Court in 98, they said irrespective of all of that, this particular process, because it's created by the Constitution and the legislative process, or the statutory process, they are a quasi-public agency when they act. So even though they're political, they have to act consistent with the statute and the Constitution. What about the bylaws that supposedly you're claiming weren't followed because there was supposed to be a prerequisite or some sort of act that had to occur? That's in the statute. It's not a bylaw. What section or what statement or what sentence or clause are you referring to? It says 10 IOCS 525-6C enumerates the five things, acts, that a potential appointee would have to do to be deemed of the same political party to satisfy the constitutional mandate. And when does the statute or section indicate the act or acts are supposed to take place? That's an excellent question. It does not, sir. The statute says accepting appointment to the Office of Ward, Township, Precinct, or State Central Committee. Correct. And she accepted the appointment at the time she was a Republican. Yes, 16 days after she was appointed, 16 days. So the point is you're not arguing. You're saying that that language, essentially, we should just ignore it and read some other requirement. I'm not asking you to ignore it. I'm asking you to determine when you can make that determination. And if there's one provision in their brief that makes my point for me, if I could give it to you. Well, the statute says accepting the appointment. I understand she accepted it 16 days after. You cited a case that's not in your brief. What was that, Rodriguez? What's the cite for that? I can pull it up for you. Rodriguez. Because, again, the Rodriguez case. You cited it, but it's not in your brief. I understand because I made the argument because they raised issues that really weren't in front of the court on the appeal. And you didn't file a reply brief? I did not. But if I could, just this piece that they've given you, we made the argument that if the court will allow them to, any time after the vacancy but before the appointment, then create the provision that they're now qualified under the statute. I said that state representative who is a Democrat, Saeed, could be, she's a state representative, could have been appointed by this committee as the Republican senator. When I argued that, they said, and I want to read this to you, while plaintiffs assert that even if a Democrat, like state representative Saeed, may be similarly conditioned, my client forgets that if representative Saeed has already been locked into the Democratic Party by virtue of satisfying one of the conditions, she would not qualify. That's completely contradictory to every argument that they've made here today. What they're saying is, is just because she's a Democrat state representative, that she's locked out. So when the vacancy occurred, representative Saeed's a Democrat state representative who doesn't fit any of these statutory requirements. Ms. Hills didn't meet the statutory requirements. What would have stopped the legislative committee from saying to representative Saeed, come and we'll appoint you to one of these positions and then we'll make you the Republican. We don't deal in hypotheticals. It's not a hypothetical. My question, which is a hypothetical, what if Saeed said I'm a Republican now and I want to, like Mayor Daley, I want to cross the aisle and I want to be a Republican now. And you're telling me that these people don't have the right to accept her good faith statement and the statement of Mayor Daley, no less, because we all know what a great man that man was. What I would say is if that's the case and that would be allowed to occur, then the constitutional provision of 2D article 4, that they have to be from the same party, would mean nothing. Thank you. What's the site on Rodriguez? What's that? The case that you cited. What's the site? It's not in the briefs. I know. I don't have it memorized. Could you provide it? Absolutely. I can look it up right now. It's the United States Supreme Court. Yes. Thank you. It was cited. It's actually in the record because we cited it in our brief at the trial court level, but if you want it, I can get it for you. That's all right. Thank you. Thank you to all counsel for the arguments. We will consider the matter, take it under advisement, and issue a ruling in due course. We will also adjourn for the day.